IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON SKADAL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. CIV 24-060-RAW-JAR |
| McINTOSH COUNTY, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Plaintiff is a pro se state prisoner who is incarcerated at the McIntosh County Jail in Eufaula, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking monetary and injunctive relief for alleged constitutional violations at his facility. (Dkt. 1). The defendants are McIntosh County; Kevin Ledbetter, McIntosh County Sheriff; Monica Smith, Jail Administrator; and Mary Martin, Assistant Jail Administrator. After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**I.   Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II.     **Plaintiff's Claims**

    A.     **Access to the Courts**

Plaintiff alleges in Claim One of the complaint that from Jan 20, 2024, to February 5, 2024, Defendants Monica Smith and Mary Martin denied him law library access and access to the courts "in the form of paper documents for filing writs and appeals." (Dkt. 1 at 5). To have standing to

raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Here, the Court finds Plaintiff has failed to demonstrate that the alleged denial of access to a law library or forms caused him an actual injury. Therefore, this claim is dismissed without prejudice to Plaintiff's properly presenting the claim in an amended complaint. *See* 28 U.S.C. § 1915A.

### B. Sentence Revocation

In Claim Two of the complaint, Plaintiff complains that he has "suffered an unlawful revocation at the hands of McIntosh Co. Judicial System," having been revecataed [sic] in full for a technical [violation] when the statutes clearly state 6 months is the max they can revoke for a technical [violation]." He asks that this "unlawful" revocation be overturned. (Dkt. 1 at 5-6).

Plaintiff cannot receive injunctive relief for his revocation in this federal civil rights action. Instead, he can file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, after he has exhausted his state court remedies. To the extent he asks for compensatory damages for his alleged unconstitutional revocation, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Plaintiff's claims regarding his revocation are dismissed without prejudice for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

### III. Amended Complaint

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a). Plaintiff also is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and that Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The Tenth Circuit has explained that when a § 1983 plaintiff includes a "government agency and a number of government actors sued in their individual capacities," then "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). When a plaintiff instead uses "either the collective term 'Defendants' or a list of defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular

unconstitutional acts they are alleged to have committed." *Id*. at 1250 (citation omitted).

An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. It may not include defendants or claims that are dismissed by this Order. Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing an amended complaint.

**ACCORDINGLY,**

1. Claim One of the complaint concerning alleged denial of access to the courts is dismissed without prejudice. Plaintiff may properly present this claim in his amended civil rights complaint.

2. Claim Two of the complaint concerning Plaintiff's revocation is dismissed without prejudice.

3. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.

4. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court.

5. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 7th day of April 2024.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

5