IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON SKADAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 24-060-RAW-JAR |
| | ) |
| McINTOSH COUNTY BOARD OF | ) |
| COUNTY COMMISSIONERS, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER DENYING PLAINTIFF'S
## SECOND AND THIRD MOTIONS FOR APPOINTMENT OF COUNSEL

On May 7, 2024, the Court denied Plaintiff's first motion for appointment of counsel in this civil rights action. (Dkts. 5, 11). He subsequently filed a second and a third motion asking the Court to appoint an attorney. (Dkts. 35, 36).

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would [assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Plaintiff's claims, the nature of the factual issues raised in his allegations, and his ability to investigate crucial facts. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th

Cir. 1981)).  The Court concludes the issues are not complex, and Plaintiff appears capable of adequately presenting facts and arguments.

Plaintiff also asks the Court to modify its Order Granting Leave to Proceed *In Forma Pauperis* to have his mother, rather than his facility, make the payments.  (Dkts. 4, 36 at 2).  The Court finds the Court's *in forma pauperis* order is in compliance with 28 U.S.C. § 1915, and Plaintiff has not presented any authority for changing the method of payment.

**ACCORDINGLY,** Plaintiff's second and third motions for appointment of counsel and his request to amend the payment method for his filing fee (Dkts. 35, 36) are DENIED.

**IT IS SO ORDERED** this 19th day of November 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA